SARAH J. KELLEY, APPELLANT, V. LYMAN S. BOYER ET AL.,
APPELLEES.

FILED MAY 18, 1904.   No. 13,573.

Evidence examined, and *held* to sustain the judgment of the district
court.

APPEAL from the district court for Cheyenne county:
HANSON M. GRIMES, JUDGE.   *Affirmed.*

*W. P. Miles* and *Hamer & Hamer,* for appellant.

*Wilcox & Halligan, contra.*

LETTON, C.

On the 19th day of April, 1902, one Fidella Neumann
was the owner of about 160 acres of land in Cheyenne
county, Nebraska.   On that day she executed a lease of
the same to Lyman S. Boyer for a period of 2 years; the
term ending April 1, 1904; the consideration being the
sum of $25 a year, to be paid April 1, 1903, and April 1,
1904.   The lease also contained these further provisions:
"In case Lyman S. Boyer shall construct a lateral from
the Chimney Rock irrigation ditch to and through the
said land, Mrs. Fidella Neumann agrees to pay half the
expenses, not to exceed $50, for said lateral to Lyman S
Boyer.   In case Mrs. Fidella Neumann should sell the
above described land before the expiration of this con-
tract, Lyman S. Boyer agrees to give peaceable possession
of this land any time to her, when the expense incurred
in building lateral and loss incurred by vacating the
above named land are paid.   Damages shall be agreed
upon by 3 disinterested parties."   This lease was signed
by both parties.   Boyer went into possession of the prem-
ises under the lease.   On April 15, 1903, Mrs. Neumann
sold the land to the plaintiff and appellant, Sarah J.
Kelley, who claims possession of the same under her deed
from Mrs. Neumann.   At the time of the sale the plaintiff

was fully advised of the lease and of its conditions, and that Boyer was in possession thereunder. The land is not cultivated but is used as hay land. Boyer cut the hay upon it in 1902, and in 1903 was again cutting the hay upon the land when the plaintiff Kelley began this action, alleging that she was the owner of the premises; that the defendants Lyman S. Boyer and George Boyer had entered upon the land without any warrant in law or color of right, and were cutting the hay crop and appropriating it to their own use; that the defendants are insolvent, and that she has no adequate remedy at law, and praying for an injunction. Lyman S. Boyer answered, setting up his lease and claiming possession under the same. George Boyer disclaimed any interest in the premises. At the trial the court found that the action was one to enjoin a mere trespass; that an injunction does not lie to restrain the same, unless the injury is irreparable, or the defendant is insolvent; and that the injury is not irreparable and the defendant is not insolvent, and dissolved the injunction and dismissed the case. In this court the appellant urges that there had been a settlement between Boyer and Mrs. Neumann under the terms of the lease, by which Boyer gave up and surrendered his right to the possession of the land for his unexpired term; that the action of Boyer in cutting and removing the only valuable crop upon the premises, and taking away the very thing on account of which the plaintiff purchased the property, was more than a mere trespass, and that under the pleadings in the case there is no denial of the allegation in regard to the insolvency of the defendant Lyman S. Boyer, and, consequently, the allegation of insolvency in the petition must be taken as true. The burden of proof was upon the plaintiff to establish the fact that Boyer was a trespasser, as she alleges in her petition, and was upon the land without any right.

From a careful examination of the testimony, we are of the opinion that it fails affirmatively to show that a settlement was ever had between Boyer and Mrs. Neu-

mann, by which Boyer's right to compensation under the terms of the lease for a surrender of his right to the possession of the premises was ever settled, or that any agreement was ever made between him and Mrs. Neumann, whereby he was to give up his rights under the lease to the plaintiff. The evidence further fails to show that Boyer ever surrendered the possession of the premises to the plaintiff, or that she had ever exercised active ownership over the same up to the time of the beginning of this action.

The uncontradicted testimony further shows that Boyer irrigated the land in June and July of 1903, and that he kept stock from straying or trespassing upon the same so as to avoid injury to the hay crop; while there was no evidence whatever to show that the plaintiff had ever taken actual possession of the land, or exercised any actual dominion over it. The proof falls far short of sustaining the allegations of the petition, and the judgment of the district court, although based upon other grounds than those set forth in this opinion, was right and should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.